United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MAZZAFERRO,<br><br>          Plaintiff,<br><br>     v.<br><br>RUSSELL STANALAND,<br><br>          Defendant.<br>_____ / | No. C 11-4097 SI and No. C 11-4098 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**ORDER TO BE FILED IN BOTH CASES** |

Defendant Russell Stanaland has filed motions to dismiss the complaints in these related cases. The motions are scheduled for a hearing on November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth in this order, the Court GRANTS defendant's motions WITHOUT LEAVE TO AMEND.

**BACKGROUND**

On August 19, 2011, plaintiffs Ronald Mazzaferro and Robert Van Zandt filed separate lawsuits against defendant Russell Stanaland. Both cases allege that defendant Stanaland, an attorney, filed a lawsuit against plaintiffs (and others) in San Francisco Superior Court, *Edith Mazzaferri, Trustee of the Fiorani Living Trust v. Ronald Mazzaferro et al.*, CGC-10-500462.[1] Ronald Mazzaferro is Edith

---

[1] Defendant seeks judicial notice of pleadings and court orders in the state court action. The Court GRANTS defendant's request for judicial notice. Plaintiffs assert that because the state court action is ongoing, this Court can only take judicial notice of the state court documents to the extent that they establish the fact of such litigation, but that the Court cannot take judicial notice of the state courts' factual findings. The Court takes judicial notice of the state court action solely to establish the fact of such litigation and the existence of various orders in that case.

Mazzaferri's son. Defendant Stanaland is Edith Mazzaferri's attorney in the state court action. The state court action seeks the recovery of real property and cash for the Fiorani Living Trust and alleges that Mazzaferro, Van Zandt, and the other defendants in the state court action removed real property and cash from the Trust by, *inter alia*, recording false and fraudulent deeds of trust and grant deeds.

Mazzaferro and Van Zandt filed identical motions to strike the state court lawsuit under the anti-SLAPP statute, California Code of Civil Procedure § 425.16, contending that the state court action chilled their right to free speech and to participate in a public forum. Def.'s Requests for Judicial Notice, Ex. A. Mazzaferro and Van Zandt contended that they were being sued "simply because their names are attached to documents recorded in a public forum, the office [of the] San Francisco Assessor-Recorder which is open to the public on a regular basis for the purpose to allow members of that public to view the very documents to which Defendants have their names attached." *Id.* at 2:14-18. In an order filed December 10, 2010, the state court denied the motions to strike and found that they were frivolous. *Id.* Ex. B. The state court awarded Ms. Mazzaferri attorneys' fees in the amount of $11,150, for which the defendants in the state court action were held to be jointly and severally liable. *Id.*[2]

Following this order, on January 7, 2011 Ms. Mazzaferri, through her counsel, obtained an order from the state court for an abstract of judgment against each defendant, which included the $11,150, plus an additional $4,150 in attorneys' fees that Ms. Mazzaferri incurred in enforcing the December 10, 2010 order. *Id.* Ex. C. According to defendant, the state court issued the abstract on January 12, 2011. Motion at 4:16-18. Defendant recorded the abstract of judgment in Mariposa, Sonoma, and San Francisco counties on or about January 24, 2011; it is defendant's recording of the abstract of judgment that gives rise to plaintiffs' federal lawsuits against defendant Stanaland.

Mazzaferro, Van Zandt and three of their co-defendants appealed the January 7, 2011 order, Case No. A131076 (Cal. Court of Appeal, First Appellate District, Division Five). On May 10, 2011, Ms. Mazzaferri, through her counsel, filed a motion to dismiss the appeal, a motion for sanctions, and a motion to declare Mazzaferro and Van Zandt vexatious litigants subject to a prefiling order. On June 9, 2011, the California Court of Appeal denied the motion to dismiss, stating that "This court ordinarily

---

[2] Based upon the record before this Court, it appears that three other defendants in the state court action also filed anti-SLAPP motions to strike, and that those motions were also denied. *Id.*, Ex. C.

will deny a dismissal motion that requires consideration of the merits of the appeal." *Id*. Ex. D. The Court of Appeal denied the motions for sanctions and to declare Mazzaferro and Van Zandt as vexatious litigants without prejudice, and *sua sponte* ordered all five appellants to show cause why they should not be declared vexatious litigants. *Id*. The appeal is pending.

In these lawsuits, plaintiffs Mazzaferro and Van Zandt allege that by recording the abstract of judgment, defendant Stanaland violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Defendant has moved to dismiss these claims for failure to state a claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.      Fair Debt Collection Practices Act**

Both complaints allege that when defendant filed the state court lawsuit "he knew that all 14 causes of action were either time barred under California Code of Civil Procedure 338(d) and or filed in the wrong court under various provisions of the California Probate Code and California Appellate Court decisional law." Van Zandt Compl. ¶ 11; Mazzaferro Compl. ¶ 12. The complaints allege that defendant violated the FDCPA by recording the abstract of judgment in counties where plaintiffs Mazzaferro and Van Zandt do not reside. Van Zandt Compl. ¶¶ 14-23; Mazzaferro Compl. ¶¶ 22, 24.

Defendant contends that plaintiffs have failed to state a claim because the abstract of judgment is not a consumer "debt" under the FDCPA. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). In *Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004), the Ninth Circuit held that the FDCPA is "limited in its reach 'to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services.'" *Id.* at 1227 (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997)). The Ninth Circuit held that a tort-judgment resulting from business-related conduct did not qualify as a "debt" under the FDCPA because "'when we speak of 'transactions,' we refer to consensual or contractual arrangements, not damage obligations thrust upon one as a result of no more than her own negligence.'" *Turner*, 362 F.3d at 1227 (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir.1998)); *see also Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (obligation to pay child support not a "debt" under the FDCPA because it was not incurred in exchange for consumer goods or services).

Plaintiffs do not address defendant's arguments about whether the abstract of judgment is a consumer "debt." The Court agrees with defendant that the abstract of judgment is not a consumer

4

"debt" within the meaning of the FDCPA. The debts at issue in these cases arise from the state court's order awarding defendant's client attorneys' fees, and they are not the result of a consensual or contractual agreement. The attorneys' fees award is akin to the tort-judgments in *Taylor* and *Hawthorne*, and the obligation to pay child support in *Mabe*. Accordingly, plaintiffs have failed to state a claim under the FDCPA. The Court GRANTS defendant's motions to dismiss plaintiffs' FDCPA claims without leave to amend.

## II.     Fair Credit Reporting Act

Plaintiffs allege that defendant defamed and slandered their credit in violation of the Fair Credit Reporting Act by recording the abstracts of judgment. Van Zandt's complaint alleges defendant violated 15 U.S.C. Sections 1681h(e), 1681n and 1681o, *see* Van Zandt Compl. ¶ 23, and Mazzaferro's complaint generally alleges a violation of Section 1681 *et seq. See* Mazzaferro Compl. ¶¶ 23-24. In their oppositions, plaintiffs assert that defendant has violated 15 U.S.C. Sections 1681h(e), 1681n, 1681o, and 1681s-2(a)(1)(A).

The FCRA prohibits "a person" from furnishing information "relating to a consumer" to a credit reporting agency "if the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. § 1681s–2(a). The FCRA imposes a duty on a "furnisher of information" to investigate, correct, and update information after receiving notice of a dispute or inaccuracy. 15 U.S.C. § 1681s–2(b). The statute also imposes duties on "users" of consumer reports. *Id.* § 1681m.

Defendant contends that plaintiffs have failed to state a claim because they do not, and cannot, allege that defendant Stanaland is a "credit reporting agency," a "furnisher of information," or a "user" of a consumer report. The Court agrees. Plaintiffs allege that defendant slandered their credit by recording abstracts of judgment in various counties. Recording an abstract of judgment is not the same thing as furnishing information relating to a consumer to a credit reporting agency. Similarly, by recording an abstract of judgment, defendant Stanaland was acting neither as a furnisher of information nor as a user of information contained in a consumer report.

Accordingly, plaintiffs have failed to state a claim under the FCRA, and the Court GRANTS defendant's motions to dismiss plaintiffs' FCRA claims without leave to amend.

**CONCLUSION**

The Court GRANTS defendant Stanaland's motions to dismiss without leave to amend. Docket No. 10 in C 11-4097 SI and Docket No. 11 in C 11-4098 SI.

The Court DISMISSES *Van Zandt v. Stanaland*, C 11-4078 SI, and will enter a separate judgment in that case.

The Court DISMISSES plaintiff Mazzaferro's claims against Stanaland in *Mazzaferro v. Stanaland*, C 11-4097 SI. The Mazzaferro complaint also alleges claims against Mansuetto Anthony Lenci. It does not appear from the docket that defendant Lenci has been served. The Court informs plaintiff Mazzaferro that he must serve defendant Lenci within 120 days of filing the complaint. *See* Fed. R. Civ. Proc. 4(m). If Lenci is not served within 120 days after the filing of the complaint, the Court will dismiss plaintiff's claims against Lenci without prejudice. *See id*.

**IT IS SO ORDERED.**

Dated: November 9, 2011

SUSAN ILLSTON
United States District Judge

6