United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MAZZAFERRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL STANALAND, *et al.*,<br><br>　　　　Defendants.　　　／ | No. C 11-4097 SI and No. C 11-4098 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS TO AMEND ORDERS OF DISMISSAL**<br><br>**ORDER TO BE FILED IN BOTH CASES** |

　　　　In an order filed November 9, 2011, the Court granted defendant Russell Stanaland's motions to dismiss the complaints in these two related cases. The Court dismissed plaintiffs' claims under the Fair Debt Collection Practices Act without leave to amend, holding that a state court abstract of judgment recorded by defendant Stanaland is not a consumer "debt" under the FDCPA. The Court dismissed plaintiffs' claims under the Fair Credit Reporting Act without leave to amend on the ground that defendant Stanaland is not a "credit reporting agency," a "furnisher of information," or a "user" of a consumer report under the FCRA. *See* Docket No. 15 in C 11-4097 SI and Docket No. 15 in C 11-4098 SI.

　　　　Both plaintiffs filed motions to amend the orders of dismissal. The motions are scheduled for a hearing on February 10, 2012. Pursuant to Civil Local Rule 7-1(b), the hearing on those motions is VACATED.[1]

　　　　Plaintiffs argue that a state appellate court decision filed after this Court's November 9, 2011

---

[1] Defendant Stanaland's motion to declare plaintiff Ronald Mazzaferro a vexatious litigant is also scheduled for a hearing on February 10, 2012. The Court will address that motion in a separate order.

supports plaintiffs' claims that the abstract of judgment was obtained in violation of plaintiffs' due process rights. In that appellate decision, the court held that the state trial court failed to comply with the requirements of California's anti-SLAPP statute because the trial court failed to specify its reasons for imposing sanctions on plaintiffs in the state court litigation; the monetary sanctions imposed by the trial court formed the basis of the abstract of judgment. Plaintiffs have filed a copy of the appellate decision. However, as defendant notes in his oppositions to plaintiffs' motions, the state appellate court decision has no bearing on whether, as a matter of law, an abstract of judgment is a "consumer debt" under the FDCPA, or whether defendant Stanaland falls within the statutory definitions of "credit reporting agency," a "furnisher of information," or a "user" of a consumer report under the FCRA.

Accordingly, the Court finds no reason to amend the orders of dismissal and DENIES plaintiffs' motions. Docket Nos. 19 in C 11-4097 SI and 17 in C 11-4098 SI.

**IT IS SO ORDERED.**

Dated: February 2, 2012

SUSAN ILLSTON
United States District Judge