IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MAZZAFERRO,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSSELL STANALAND, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 11-4097 SI<br><br>**ORDER DENYING DEFENDANT STANALAND'S MOTION FOR A VEXATIOUS LITIGANT ORDER** |

Defendant Stanaland's motion for order declaring plaintiff a vexatious litigant is scheduled for a hearing on February 10, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, defendant's motion for a vexatious litigant order is DENIED.

**DISCUSSION**[1]

Defendant moves to declare plaintiff as a vexatious litigant and to impose a pre-filing order on him. Defendant seeks an order requiring plaintiff to seek leave of court before filing any future case in the Northern District of California. Alternatively, defendant requests that the Court order plaintiff to obtain leave of court before filing any future case "relating to the parties to the cases involving Lucia Fiorani and the Fiorani Trust and their counsel," or, alternatively, before filing any future case against defendant. Defendant states that plaintiff has been declared a vexatious litigant in state court, and defendant asserts that plaintiff filed this lawsuit to harass defendant. Plaintiff opposes the motion and

---

[1] The background of this case and the state court litigation involving plaintiff and defendant is set forth in the Court's November 9, 2011 order.

notes that this lawsuit is the only lawsuit plaintiff has filed against defendant in any court.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted). The Court finds that a vexatious litigant order is not warranted because this is the first lawsuit that plaintiff has filed against defendant. If plaintiff files additional federal lawsuits against defendant that defendant believes are brought with an improper purpose, defendant may again seek to have plaintiff declared a vexatious litigant.

## CONCLUSION

For the reasons stated above, defendant's motion for a vexatious litigant order is DENIED. Docket No. 22.

**IT IS SO ORDERED.**

Dated: February 2, 2012

SUSAN ILLSTON
United States District Judge