IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MAZZAFERRO,<br><br>    Plaintiffs,<br><br>  v.<br><br>MANSUETO ANTHONY LENCI,<br><br>    Defendant.<br>_____ / | Case No. C 11-4097 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO FILE A COUNTERCLAIM** |

Defendant has filed a motion for leave to file a counterclaim alleging abuse of process. The motion is scheduled for a hearing on March 8, 2013. Pursuant to Civil Local Rule 7-1 (B), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

Defendant seeks to allege a counterclaim for abuse of process. Defendant states that the counterclaim arises largely out of the discovery process in this case. Defendant claims that plaintiff's requests for production of documents "exhibit that he has filed this case with ulterior improper motives intended to cause malice by misusing the power of this court to gain an illegal advantage in other cases as well as this one." Docket No. 88 at 4:1-3. Defendant also states that "Defendant is not disputing the requests propounded [by plaintiff] but the malice behind requesting said documents." *Id*. at 5:14-15.

"The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006).

"To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Id*. at 1057.

The Court finds that granting leave to amend would be futile because, to the extent the proposed counterclaim is based on the filing of this lawsuit, "the mere initiation of a lawsuit, even for an improper purpose, does not support a claim for abuse of process." *Ramona Unified School Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 520 (2005). Similarly, an allegation that plaintiff is conducting discovery with bad intentions is insufficient to state a claim for abuse of process. *See Silver v. Gold*, 211 Cal. App. 3d 17, 24 (1989) ("[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.") (internal quotations and citation omitted); *see also F.M. Tarbell Co. v. A & L Partners, Inc*., No. CV 10–1589 PSG, 2011 WL 1153539, at \*6. (C.D. Cal. Mar. 23, 2011) ("[T]he mere conducting of civil discovery in civil litigation cannot provide a basis for bringing a tort claim for abuse of process—even if Windermere alleges that Tarbell is conducting discovery with bad intentions."). If defendant asserts that plaintiff seeks discovery in this case that is irrelevant to this case, defendant should raise this issue before Magistrate Judge Ryu, pursuant to the discovery letter procedures set forth in Judge Ryu's August 7, 2012 order (Docket No. 56).

This order resolves Docket No. 79.

**IS SO ORDERED.**

Dated: March 5, 2013

SUSAN ILLSTON
United States District Judge