UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MAZZAFERRO,<br><br>        Plaintiff(s),<br><br>  v.<br><br>MANSUETTO LENCI,<br><br>        Defendant(s).<br>_____/ | No. C-11-04097-SI (DMR)<br><br>**ORDER RE JOINT DISCOVERY LETTER DATED MARCH 15, 2013 [DOCKET NO. 90] AND PLAINTIFF'S TENTATIVE MOTION FOR PROTECTIVE ORDER [DOCKET NO. 92]** |

      Before the court is the Joint Discovery Letter dated March 15, 2013 ("Letter") [Docket No. 90] filed by Plaintiff Ronald Mazzaferro ("Plaintiff") and Defendant Mansuetto Lenci ("Defendant"). Also before the court is Plaintiff's Tentative Motion for Protective Order ("Tentative Motion") [Docket No. 92]. For the reasons stated below, both motions are DENIED.

      The Letter describes two discovery disputes. The first dispute regards a subpoena served by Plaintiff upon Edith Mazzaferri, who is not a party to this case. Letter at 3 (referencing Docket No. 83 at 5-6 and Docket No. 74 at 3, Ex. A). Plaintiff asserts that Ms. Mazzaferri's responses are inadequate. This issue was not properly raised before the court because Defendant is not the subject of the subpoena. Plaintiff is directed to meet and confer with Ms. Mazzaferri (or her counsel, if she is represented) regarding the adequacy of her responses to the subpoena. If Plaintiff and Ms. Mazzaferri or her counsel are unable to reach an agreement, Plaintiff must follow the court's Standing Order regarding judicial intervention on discovery issues.

The second dispute in the Letter regards accounting documents related to the Mazzaferro Trust. Letter at 3 (referencing Docket No. 83 at 6-7). This issue is not ripe for this court's intervention because Plaintiff has not served discovery requests in this case on any party or third party seeking those documents.

In the Tentative Motion, Plaintiff argues that the deposition notice that Defendant served upon him on March 15, 2013 is defective because it provides inadequate notice in advance of the deposition. The Federal Rules require that "reasonable written notice" be given to a party in advance of a deposition by oral questions. Fed. R. Civ. P. 30(b)(1). During the discovery hearing on October 25, 2012, Defendant stated that he had noticed Plaintiff's deposition four times. [Docket No. 68 at 9.] Also during the discovery hearing, the parties agreed that Plaintiff would be deposed on December 14, 2012. Therefore, Plaintiff had adequate notice of his deposition and the deposition notice served by Defendant was proper.

Following a discussion at the motion hearing on April 23, 2013 regarding Plaintiff's assertions of Fifth Amendment privilege during the March 28, 2013 deposition, Plaintiff agreed to have his deposition retaken by Defendant. Plaintiff also agreed to pay Defendant's reasonable travel expenses to the site of the deposition (the parties anticipate that the deposition will convene in Santa Rosa), and the cost of the deposition. The parties shall promptly meet and confer regarding the date for the deposition.

IT IS SO ORDERED.

Dated: April 23, 2013

DONNA M. RYU
United States Magistrate Judge

2