**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD MAZZAFERRO,　　　　　　　　　　No. C-11-04097 DMR

　　　　　　Plaintiff(s),　　　　　　　　　　**ORDER TO SHOW CAUSE; ORDER RE: DISCOVERY DISPUTES**

　　v.

MANSUETTO LENCI,

　　　　　　Defendant(s).
_____/

## I. ORDER TO SHOW CAUSE

In an order dated November 25, 2013, Judge Illston noted that "[t]he parties' case management conference statements refer to a number of discovery disputes. The parties are hereby ordered to expeditiously resolve all pending disputes with Magistrate Judge Ryu in order to be prepared for further motion practice and/or trial." [Docket No. 123.] On December 5, 2013, this court ordered both parties to participate in a telephonic hearing on December 12, 2013 to resolve the discovery disputes raised in the parties' case management conference statements (Docket Nos. 117 and 119). [Docket No. 125.] The hearing was held as scheduled. Defendant appeared by telephone; Plaintiff failed to appear.[1]

---

[1] Upon noting Plaintiff's absence in the courtroom, the court attempted to reach Plaintiff by telephone but was unsuccessful.

Plaintiff is ordered to show cause by filing and serving a written statement by **December 23, 2013** explaining why he should not be sanctioned for his failure to appear at the discovery hearing. The undersigned notes that Plaintiff also failed to appear at the case management conference before Judge Illston on November 22, 2013. [Docket No. 124.] Given these repeated absences, Plaintiff is ordered to show cause by filing and serving a written statement by **December 23, 2013** why this court should not issue a report and recommendation to Judge Illston that the case be dismissed for failure to prosecute.

## II. DISCOVERY DISPUTES

The court has reviewed and considered the discovery disputes identified in the parties' most recent case management conference statements.

Defendant Mansuetto Lenci raised two identifiable discovery concerns relating to (1) documents Plaintiff allegedly refused to produce and (2) costs associated with retaking Plaintiff's deposition.[2] [Docket No. 119 at 2-3.] Defendant stated at the hearing that the issue regarding the documents is moot. With respect to Plaintiff's deposition, Defendant complains that Plaintiff failed to meet and confer to schedule a date for the retaking of Plaintiff's deposition. Defendant also seeks to be prospectively reimbursed for costs he would incur in traveling to California to take Plaintiff's deposition. Both of these issues are moot because Defendant failed to timely move to compel Plaintiff to re-appear for his deposition despite having nearly five months after the April 23, 2013 discovery hearing to do so. *See* Docket No. 80 (discovery cutoff was September 6, 2013); Civ. L.R. 37-3 (no motions to compel may be filed more than seven days after the discovery cutoff). Defendant cannot seek reimbursement for costs associated with a deposition that did not occur.

Plaintiff also raised several discovery issues in his case management conference statement. *See* Docket No. 117 at 7-14 (describing Plaintiff's requests for accounting documents and documents and deposition testimony from Edith Mazzaferri). These appear to be the same issues that the court has previously resolved, *see* Docket Nos. 68, 100, 110, and the information presented

---

[2] This court previously ordered Plaintiff to submit to a second deposition and to pay Defendant's reasonable travel costs for the deposition. *See* Tr. of Apr. 23 Hearing [Docket No. 110] at 24:16-21.

to the court does not warrant reconsideration of the court's prior determinations. Plaintiff failed to appear at the hearing to argue otherwise.

Accordingly, there are no more outstanding discovery disputes in this action.

IT IS SO ORDERED.

Dated: December 12, 2013

DONNA M. RYU
United States Magistrate Judge